IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AUGUSTIN GALVIN-GARCIA,          CASE NO. 2:12-CV-261
                                                                    CRIM. NO. 2:10-CR-225(3)
      Petitioner,                                 JUDGE ALGENON L. MARBLEY

v.

UNITED STATES OF AMERICA,

      Respondent

**REPORT AND RECOMMENDATION**

This case involves Petitioner's conviction pursuant to the terms of his negotiated plea agreement on one count of possession of a firearm by an illegal alien. Doc. No. 60. Petitioner was sentenced to a term of 110 months' imprisonment followed by three years' supervised release. *Judgment*, Doc. No. 100. Petitioner did not file an appeal from that judgment.

On March 26, 2012, Petitioner filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. On June 11, 2013, the Court dismissed all of Petitioner's claims except his claim that he had been denied the effective assistance of counsel because his attorney failed to file an appeal after having been requested to do so and failed to consult with Petitioner regarding the filing of an appeal. *Opinion and Order*, Doc. No. 190. On October 16, 2013, an evidentiary hearing was held on that claim. Petitioner was present at the evidentiary hearing, assisted by appointed counsel and a Spanish language interpreter. For the reasons that follow and upon consideration of the entire record in this case, the Magistrate Judge **RECOMMENDS** that Petitioner's remaining claim be **DENIED**.

**Facts**:

Attorney David Graeff was originally appointed to represent Petitioner in this case. Graeff testified at the evidentiary hearing that he conferred with Petitioner at the Delaware County Jail and with the assistance of an interpreter, Maria Spencer. Graeff also corresponded with Petitioner by mail. Ganeth Ramirez, Petitioner's relative who acted with Petitioner's permission, also conferred frequently with Graeff and met with Graeff personally on two occasions.

Petitioner was originally charged in a 14-count indictment with conspiracy to commit hostage taking, possession of firearms during a crime of violence and being an illegal alien in possession of firearms. *Indictment,* Doc. No. 1. The two hostage-taking counts were punishable by possible life terms of imprisonment. *See* 18 U.S.C. § 1203(a). On November 1, 2010, Petitioner entered a plea of guilty of Count 10 of the *Indictment*, which charged him with possession of a firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5) and which carried a maximum possible penalty of ten years in prison and a three year term of supervised release. *See Plea Agreement*, Doc. No. 60.

Graeff testified that Petitioner's plea agreement and sentence were favorable. The Petitioner's offense level and criminal history category suggested a sentencing range of 292-365 months, which far exceeded the 120 month statutory maximum. *Government's Sentencing Memorandum*, Doc. No. 90, pp. 1-2. *See also Defendant's Sentencing Memorandum*, Doc. No 87, p. 2. *See* U.S.S.G. §5G1.1. On March 16, 2011, the Court imposed a sentence of 110 months' incarceration and a three year term of supervised release. *Judgment.*

A few days before sentencing, Graeff met with Petitioner at the Delaware County Jail and discussed, *inter alia*, Petitioner's appeal rights. Although Graeff advised Petitioner of his

constitutional right to appeal, Graeff also recommended that Petitioner pursue an appeal only if his sentence did not reflect credit for the eight and one-half months that he had spent in state custody before the federal charges were filed.  Graeff did not believe that Petitioner had any other viable issue on appeal.

At the March 4, 2011 sentencing hearing, the attorney for the government asked for a sentence of 111 ½ months "so [Petitioner] gets the credit of the eight-and-a-half months he served in state time for basically the same charges." *Sentencing Transcript*, Doc. No. 131, PAGEID # 405-06; *see also id.*, PAGEID # 410.  After imposing a 110 month term of imprisonment, the District Judge advised Petitioner of his right to appeal:

> COURT: . . . Mr. Galvin-Garcia, you have the right to appeal this sentence. If you cannot afford an appeal, you have the right to apply for leave to file an appeal *in forma pauperis*, which means without the payment of any cost or expense to you. If that application is granted, the Clerk of Court will prepare or file a notice of appeal on your behalf at that time. Any such notice of appeal must be filed within ten days of the time that I enter judgment on your sentence. Do you wish the Court to direct the clerk's office to prepare or file a notice of appeal on your behalf at this time?
>
> MR. GRAEFF: May I have a moment, Your Honor?
>
> COURT: Certainly.
>
> (Counsel and defendant confer).
>
> COURT: Do you wish to have the clerk's office prepare or file a notice of appeal on your behalf?
>
> DEFENDANT: I will think it over.
>
> COURT: All right. Mr. Graeff, you can discuss it further with your client, and you can advise Mrs. Clark as to whether you wish to do that.
>
> MR. GRAEFF: Your Honor, he tentatively is saying he does not want to, but he wants to think it over and so I will hear from him

3

      very shortly if that's –

      COURT: That's fine.

*Sentencing Transcript*, Doc. No. 131, PAGEID # 416-17.  Graeff testified that, in light of his earlier discussion with Petitioner and because the sentence actually imposed included credit for the time that Petitioner had spent in state custody, he understood Petitioner's response to mean that Petitioner did not want to pursue an appeal.

    Graeff never met personally with Petitioner after the March 4, 2011 sentencing hearing. On Sunday, March 13, 2011, Graeff met with Ganeth Ramirez at his office and, at Petitioner's request, gave her Petitioner's case file. Graeff also explained the appeals process to her and told her that Petitioner should contact Graeff if Petitioner wanted to file an appeal or needed any further assistance in the case.  As noted *supra*, the *Judgment* was entered on March 16, 2011.  On March 21, 2011, Graeff mailed a copy of the March 16, 2011 *Judgment* to Petitioner and advised Petitioner to have Ganeth Ramirez contact Graeff if Petitioner needed assistance.  At about this same time, Graeff received a telephone call from a Columbus attorney who stated that Ganeth Ramirez and her husband were considering hiring that attorney to represent Petitioner on appeal.

    Graeff heard nothing further in connection with an appeal from Petitioner's conviction or sentence.  According to Graeff, Petitioner never asked Graeff, either personally or through another person, to file a notice of appeal.  Had Petitioner done so, Graeff would have filed the notice of appeal.

    Petitioner testified at the evidentiary hearing that he had always intended to pursue an appeal and that he had told Graeff as much.  Petitioner expressly denied that Graeff had advised Petitioner of his appellate rights at their meeting shortly before the sentencing hearing.[1]

---

[1] Petitioner testified that he learned of his appellate rights from Graeff and from other prisoners.  Petitioner did not articulate, at the evidentiary hearing, the issues that he had proposed to raise on appeal.

Petitioner did not see or speak with Graeff after sentencing but, on approximately March 8, 2011, Petitioner directed Ganeth Ramirez to tell Graeff to file an appeal on Petitioner's behalf. Petitioner did not speak with any other attorney regarding the filing of an appeal because he had no money. According to Petitioner, Ganeth Ramirez never confirmed to Petitioner that she had carried out his directive, nor did she advise Petitioner that she had contacted another attorney about filing an appeal on Petitioner's behalf.

**Law:**

The failure of an attorney to file a timely appeal upon a defendant's request constitutes the ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. *See Castellanos v. United States,* 26 F.3d 717, 719 (7th Cir.1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir.1993); *United States v. Horodner,* 993 F.2d 191, 195 (9th Cir.1993); *Bonneau v. United States,* 961 F.2d 17, 23 (1st Cir.1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir.1991); *Williams v. Lockhart,* 849 F.2d 1134, 1137 n. 3 (8th Cir.1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment.

*Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir.1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); cf. *Peguero v. United States,* 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial

> task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores–Ortega,* 528 U.S. 470, 478 (2000).

Where a criminal defendant neither instructs his attorney to file an appeal nor asks that an appeal be taken, a court must consider whether the attorney consulted with his client regarding the filing of an appeal. If defense counsel consulted with his client regarding the filing of an appeal, he performs in a professionally unreasonable manner only if he fails to follow a defendant's express instructions with respect to an appeal. *Id.* at 478. If counsel has not consulted with his client regarding the filing of an appeal, a court must consider whether this failure constitutes deficient performance. *Id*.

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. *See id.*, at 690, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (focusing on the totality of the circumstances). Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id*. at 479–80.

The Court expressly credits Graeff's testimony in all respects.  In particular, the Court finds that Graeff and Petitioner discussed, prior to sentencing, Petitioner's constitutional right to pursue an appeal but that Graeff recommended the filing of an appeal only if Petitioner's sentence did not include credit for the time he had served in state custody.  Of course, Petitioner's actual sentence reflected that credit, and more.  Graeff and Petitioner also conferred briefly about filing an appeal at the sentencing hearing, and Petitioner stated only that he would "think it over."  *Sentencing Transcript, PAGEID #* 416. Graeff indicated on the record, in a statement translated for Petitioner, that "he tentatively is saying he does not want to [file an appeal], but he wants to think it over and so I will hear from him very shortly if that's -- . . . ." *Id*.  The Court expressly finds that Petitioner did not ask Graeff to file an appeal, either personally or through his authorized representative, Ganeth Ramirez.

As noted *supra*, Graeff did not meet personally with Petitioner after the sentencing hearing.  However, the Court concludes that Graeff's discussions with Petitioner prior to sentencing and during the sentencing hearing, as well as Graeff's discussion with Ganeth Ramirez, Petitioner's authorized representative, satisfied any duty to confer with Petitioner imposed upon Graeff by *Roe v. Flores-Ortega*.  In any event, Graeff had no duty to further confer with Petitioner because, under all the circumstances, there was no reason to think either that Petitioner wanted to appeal or that Petitioner reasonably demonstrated to Graeff that he was interested in pursuing an appeal  *See id.* at 479.

For all these reasons, it is **RECOMMENDED** that Petitioner's remaining claim*, i.e.,* that he was denied the effective assistance of counsel because his attorney failed to file an appeal after having been requested to do so and failed to consult with Petitioner regarding the filing of an appeal, be **DENIED**.  It is **FURTHER RECOMMENDED** that this action be dismissed.

**Procedure on Objections:**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                  *s/ Norah McCann King*
                                                  Norah McCann King
                                          United States Magistrate Judge

December 30, 2013