IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AUGUSTIN GALVIN-GARCIA,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:12-CV-261
CRIM. NO. 2:10-CR-225(3)
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE KING

## OPINION AND ORDER

This is an action under 28 U.S.C. § 2255. On December 30, 3013, after an evidentiary hearing, the Magistrate Judge issued a *Report and Recommendation* recommending that Petitioner's sole remaining claim of ineffective assistance of counsel be dismissed. *Report and Recommendation,* Doc. No. 219. Petitioner has objected to that recommendation. *Objection,* Doc. No. 221. Having conducted a *de novo* review of the record, *see* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b), the Court concludes that none of Petitioner's objections is meritorious.

Petitioner was convicted on his plea of guilty to one count of possession of a firearm by an illegal alien and was sentenced to a term of imprisonment of 110 months. *Judgment,* Doc. No. 100. On October 16, 2013, an evidentiary hearing was held on Petitioner's claim that he was denied the effective assistance of counsel because his trial attorney failed to file an appeal after having been requested to do so and failed to consult with petitioner about the filing of an appeal. Petitioner, represented by appointed counsel,

was present and testified at the evidentiary hearing with the assistance of an interpreter.

After having been advised at his sentencing hearing of his right to appeal, Petitioner conferred briefly with his attorney and told his attorney that Petitioner "tentatively is saying he does not want to" file an appeal. *Sentencing Transcript*, Doc. No. 131, PAGEID # 416-17. Petitioner's attorney, David Graeff, testified at the evidentiary hearing that, prior to sentencing, he had discussed with Petitioner the advantages and disadvantages of filing an appeal. Even at the sentencing hearing, Graeff believed that Petitioner did not want to pursue an appeal because the sentence was favorable and gave Petitioner, as Petitioner had hoped, credit for time served in state custody. Nevertheless, Graeff advised the Court at the time of sentencing that Petitioner "wants to think it over and so I will hear from him very shortly if that's --." *Id.* It is uncontroverted that Graeff heard nothing further from Petitioner. Petitioner testified at the evidentiary hearing that he directed his authorized representative to tell Graeff to file an appeal. Graeff testified that he met with Petitioner's authorized representative, gave her Petitioner's case file, explained the appeals process and advised that, if Petitioner wanted to pursue an appeal, he should contact Graeff. He also sent a letter to Petitioner offering to take any action requested by Petitioner. No request to file an appeal was ever made of Graeff. Graeff did thereafter receive a telephone call from a different attorney who had apparently been consulted by Petitioner's authorized

representative about filing an appeal. It is likewise uncontroverted that no appeal was ever filed on Petitioner's behalf.

The Magistrate Judge concluded that Petitioner was not denied the effective assistance of counsel in this regard:

> The Court expressly credits Graeff's testimony in all respects. In particular, the Court finds that Graeff and Petitioner discussed, prior to sentencing, Petitioner's constitutional right to pursue an appeal but that Graeff recommended the filing of an appeal only if Petitioner's sentence did not include credit for the time he had served in state custody. Of course, Petitioner's actual sentence reflected that credit, and more. Graeff and Petitioner also conferred briefly about filing an appeal at the sentencing hearing, and Petitioner stated only that he would "think it over." *Sentencing Transcript*, PAGEID # 416. Graeff indicated on the record, in a statement translated for Petitioner, that "he tentatively is saying he does not want to [file an appeal], but he wants to think it over and so I will hear from him very shortly if that's -- . . . ." *Id*. The Court expressly finds that Petitioner did not ask Graeff to file an appeal, either personally or through his authorized representative, Ganeth Ramirez.
>
> As noted *supra*, Graeff did not meet personally with Petitioner after the sentencing hearing. However, the Court concludes that Graeff's discussions with Petitioner prior to sentencing and during the sentencing hearing, as well as Graeff's discussion with Ganeth Ramirez, Petitioner's authorized representative, satisfied any duty to confer with Petitioner imposed upon Graeff by *Roe v. Flores-Ortega*. In any event, Graeff had no duty to further confer with Petitioner because, under all the circumstances, there was no reason to think either that Petitioner wanted to appeal or that Petitioner reasonably demonstrated to Graeff that he was interested in pursuing an appeal. *See id*. at 479.

*Report and Recommendation*, p. 7. The Magistrate Judge therefore recommended that the claim, and this action, be dismissed.

"A lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).

3

Moreover, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 479-80.

Petitioner objects, first, to the Magistrate Judge's observation that petitioner has never articulated the issues that he proposed to raise on appeal. *See Report and Recommendation*, p. 4 n. 1. The Court agrees that whether Petitioner could have presented a meritorious issue on appeal is irrelevant if Petitioner directed Graeff to file a notice of appeal on Petitioner's behalf. *See Ludwig v. United States*, 162 F.3d 456,459 (6th Cir. 1998)("[A] lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective . . . regardless of whether the appeal would have been successful or not."). However, the Magistrate Judge's passing comment, while perhaps relevant to Petitioner's credibility, did not form the basis of her recommendation. This objection is without merit.

Petitioner also objects to the Magistrate Judge's conclusion that defense counsel satisfied his constitutional obligation to consult with Petitioner prior to sentencing. Petitioner specifically contends that his statement, made at the sentencing hearing, that he wanted to "think [the matter] over" triggered a duty on counsel's part to further consult with Petitioner. Petitioner argues that this is particularly true in light of the telephone call from another attorney regarding the filing of an appeal. Finally, Petitioner objects to the

Magistrate Judge's suggestion that discussions between defense counsel and Ganeth Ramirez had any legal significance, because the record does not establish that she had the legal authority to speak on Petitioner's behalf.

The record reflects that Petitioner expressly authorized Ganeth Ramirez to confer with Graeff on Petitioner's behalf. Graeff expressly testified to that effect and Petitioner's own testimony confirmed that fact.[1] As the Magistrate Judge found, Petitioner did not instruct Graeff, either personally or through Ramirez, to file a notice of appeal. The Magistrate Judge specifically credited Graeff's testimony in this regard, and this Court has no reason to discredit that testimony.

Moreover, the Court agrees that Graeff fulfilled his constitutional duty to consult with Petitioner about the filing of an appeal. The duty to consult with a defendant about the filing of an appeal requires that counsel "advis[e] the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes." *Roe v. Flores-Ortega*, at 470-71. Graeff conferred with Petitioner prior to sentencing, during the sentencing hearing and through Petitioner's authorized representative, about the filing of an appeal, but Petitioner never asked Graeff to file an appeal, either personally or through his representative.

---

[1] Petitioner testified that he directed Ramirez to tell Graeff to file a notice of appeal. Although the Magistrate Judge found that no such request was ever made of Graeff, either by Petitioner or by any other person, it is significant that Petitioner apparently relied on Ramirez to communicate with Graeff.

5

Petitioner denied that Graeff ever consulted with him. As noted *supra*, the Magistrate Judge discredited that denial and the Court will not revisit that issue here. Petitioner also argues that, even if Graeff consulted with Petitioner, prior to sentencing, about the advantages and disadvantages of pursuing an appeal, Graeff had a duty to further consult with Petitioner in light of Petitioner's statement at sentencing and in light of the fact that Graeff knew that Ramirez had contacted another attorney about an appeal. As the Magistrate Judge found, the sentence imposed was significantly less than the sentence recommended by the United States Sentencing Guidelines and reflected credit for the time served by Petitioner in state custody prior to the initiation of the federal prosecution. Under these circumstances, Graeff had no reason to believe that Petitioner wanted to pursue an appeal. Graeff understood Petitioner's statement at sentencing to confirm that Petitioner did not want to pursue an appeal and Petitioner was advised repeatedly by Graeff that, if Petitioner wanted Graeff to file an appeal on Petitioner's behalf, he need only request that Graeff do so. The record is clear that Petitioner did not do so. Moreover, the telephone call from another attorney, received by Graeff after he had given his case file to Petitioner's authorized representative and after Graeff had repeatedly assured Petitioner that Graeff would take action if requested by Petitioner, could only reasonably be viewed as confirming that Petitioner did not want Graeff to file a notice of appeal.

In short, the Court concludes that the Magistrate Judge's recommendation is well supported by the record. This Court likewise

concludes that Petitioner's claim of ineffective assistance of counsel is without merit.

**WHEREUPON,** Petitioner's *Objection*, Doc. No. 221, is **DENIED**. The *Report and Recommendation*, Doc. No. 219, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

ALGENON L. MARBLEY
United States District Judge